

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 16, 1939

Hon. E. A. Sutton
County Auditor
Anderson County
Palestine, Texas

Opinion No. O-961

Re: Nepotism

Dear Sir:

Your request for opinion upon the following question:

"Can the commissioners' court give an insurance agent a part of the county's insurance business when the mother of one of the commissioners is the agent's grandmother's sister?"

has been received by this department.

Article 432, Penal Code of Texas, reads as follows:

"Nepotism. No officer of this state or any officer of any district, county, city, precinct, school district or other municipal subdivision of this state, or any officer of member of any state, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this state, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person relating within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

On May 7, 1914, this department held, in an opinion written by Hon. C. W. Taylor, Assistant Attorney General of Texas, that it would not be a violation of the anti-nepotism law for a sister of the county judge, who is an insurance agent, to write a policy of insurance for the county. We quote from said opinion as follows:

"The department is in receipt of your communication of recent date, in which you propound the question of whether or not it would be a violation of the anti-nepotism law, on the part of the county judge, for an agent of an insurance company, who is a sister of the county judge, to renew a policy that was written before the said county judge was installed into office. Replying to your inquiry, we beg to advise that in our opinion such a transaction could not be held to be a violation of Article 381, known as the anti-nepotism statute for the reason that under this phase of the statute there must have been an appointment to some employment or duty that the clerk so employed should perform on the part of or on behalf of the county, to be paid therefor by funds of the county. An insurance agent, in the ordinary transaction of the insurance business, does not become the agent of the insured, but remains the agent of the company represented by him or her. Of course, there are transactions between the insured and the agent of the company whereby the agent of the company may become the agent of the insured, but this statute arises, for illustration, where the company represented by the agent for reason declines the risk offered when the agent agrees with the insured to procure insurance from a company not represented by the agent. Under such a state of facts, the insurance agent becomes the agent of the insured and a transaction of this kind, in our opinion, would be prohibited by the anti-nepotism law. In a case, however, where the insurance agent writes a policy for the county in a company represented by the agent, then the agent is representing the company and is in no sense the agent of the county nor is the agent performing any duty or accepting employment from the county, but is simply representing the company as its agent. The fact that the policy in question is a renewal, would not, in our opinion, if the original transaction was a violation of the law, cause a different construction, for the reason that a renewal of an insurance policy is a separate and distinct transaction, a new policy being written and a new premium paid; nor would the fact that the law fixes the premium cause the rule to be different.......... You are, therefore, advised that in our opinion it would not be a violation of law for a sister of the county judge, who is an agent of an insurance company, to write a policy of insurance for the county."

You are therefore respectfully advised that it is the opinion of this department that it would not be a violation of the nepotism law for the commissioners' court to give an insurance agent a part of the county's insurance business when the mother of one of the commissioners is the agent's grandmother's sister.

Trusting that the foregoing answers your inquiry, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:hp

APPROVED

APPROVED
Opinion
Committee

By RWF
Chairman

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS